ROBERTS ROOF & FLOOR, INC., A NEVADA CORPORATION, APPELLANT, *v.* FORD WHOLESALE CO., INC., A CALIFORNIA CORPORATION, RESPONDENT.

No. 5439

April 30, 1968                    440 P.2d 124

*Hawkins & Walker,* of Las Vegas for Appellant.

*Jack G. Perry,* of Las Vegas for Respondent.

## OPINION

*Per Curiam:*

This is an action by Ford Wholesale Co., Inc., a wholesale supplier of roofing materials, against a customer, Roberts Roof & Floor, Inc., to recover freight charges on a shipment to the customer which were paid by supplier Ford. Pursuant to their past dealings, plaintiff/respondent complained that the shipping costs should have been paid by the defendant/appellant. The trial court entered judgment for the plaintiff and made the following findings of fact: (1) defendant ordered three shipments of less-than carload size from the plaintiff; (2) the wholesale price quoted by plaintiff did not include freight charges; (3) it was understood between the parties that the defendant would pay freight charges on shipments of less-than carload size; (4) defendant did not pay the carrier and subsequently the plaintiff was forced to do so.

Appellant's specification of error is that these findings and the judgment based thereon are not supported by the evidence before the lower court. We agree and reverse the judgment.

There was no oral testimony before the trial court.[1] The evidence consisted entirely of the following exhibits: (1) plaintiff's check to the freight carrier; (2) defendant's customer invoices for three shipments from plaintiff in the aggregate of $2,215.23, two of which had the freight marked "pre-paid"; (3) a voucher showing a check from defendant to plaintiff for an amount in excess of $3,400; (4) a 1961 price list from the plaintiff supplier stating that freight charges will be paid by the customer on less-than carload size shipments.

Just as the findings of the trial court will be sustained on the appellate level if they are supported by substantial evidence, *Briggs v. Zamalloa*, 83 Nev. 400, 432 P.2d 672 (1967), they will be reversed if they are not. *Peardon v. Peardon*, 65 Nev.

---

[1]Pursuant to NRCP 75(c) as part of the record on appeal, appellant submitted a narrative statement of the events taking place before the court at trial. That statement reads as follows: "When the case was called, the Honorable John E. (sic) Sexton called counsel to his chambers. He then stated that the case should be settled. Without hearing sworn testimony or considering any evidence, he entered judgment for the plaintiff. After the pronouncement of judgment, Defendant requested introduction of exhibits, which was granted."

717, 201 P.2d 309 (1948). We feel that this matter requires the application of the latter rule rather than the former. There was no evidence before the trial court to support the first three findings of fact, wherein existed any promise of pre-existing duty on the part of the defendant to pay plaintiff. There was no showing that the shipments were of less-than carload size nor that the 1961 price list introduced into evidence was still in effect.

Therefore we reverse the judgment of the district court and order a new trial be granted. NRCP 72(a). We also disapprove this summary rendering of judgments.